UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-cr-10072-DPW

UNITED STATES OF AMERICA

v.

RIGOBERTO RAMIREZ

## ORDER ON GOVERNMENT'S MOTION FOR DETENTION

May 13, 2020

Boal, M.J.

Defendant Rigoberto Ramirez is charged in an indictment with eleven counts of interfering with commerce by threats or violence, in violation of 18 U.S.C. § 1951 (Counts One through Eleven), conspiracy to interfere with commerce by threats or violence in violation of 18 U.S.C. § 1951 (Count Twelve), and using, carrying, and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924 (c)(1)(A) (Count Thirteen).  Docket No. 29.  The government moves for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A) (defendant is charged with a crime of violence for which a maximum term of imprisonment of ten years or more is prescribed); (f)(1) (E) (defendant is charged with a crime involving possession of a firearm) and (f)(2)(A) (risk of flight).  Docket No. 83 at 1.

An initial appearance was held on March 28, 2019, at which time Ramirez consented to voluntary detention without prejudice.  Docket Nos. 6, 7.  On April 28, 2020, Ramirez filed an emergency motion for release from custody seeking temporary release pursuant to 18 U.S.C. § 3142(i).  Docket Nos. 72, 73.  Because this Court previously issued a voluntary order of detention, it construed Ramirez's motion as one for a detention hearing.  Docket No. 76.  The government filed an opposition on May 4, 2020.  Docket No. 83.  This Court held a hearing via

videoconference on May 7, 2020.  By agreement, the parties proceeded by proffer, and both sides presented exhibits, including Ramirez's medical records.  Docket Nos. 81, 85.

After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services Report recommending detention, this Court orders Ramirez detained pending trial.

## I.   ANALYSIS

### A.   Bail Reform Act

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight.  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991).  If there is some risk, this Court should consider whether a combination of release conditions "will serve as a reasonable guard."  Id. at 791 (citations omitted).

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release.  18 U.S.C. § 3142(g).  Each of these factors must be weighed, and the decision on whether to release is an individualized one.  Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).

### B. Temporary Release From Custody

Section 3142(i) provides that this Court may "permit the temporary release of the person in custody . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. 3142(i).  This provision has been used "sparingly" to permit the temporary release of a defendant in cases of serious injury or medical condition.  See United States v. Hamilton, No. 19-CR-54-01 (NGG), 2020 WL 1323036 at *2 (E.D.N.Y. Mar. 20, 2020).  The defendant bears the burden of establishing circumstances warranting temporary release under Section 3142(i).  United States v. Clark, No. 19-40068-01-HLT, 2020 WL 1446895 at *2 (D. Kan. Mar. 25, 2020).  A determination of whether the COVID-19 pandemic constitutes a compelling reason should be undertaken on an individualized, case-by-case basis.  United States v. Lunnie, No. 4:19-CR-00180 KGB, 2020 WL 1644495 at *2 (E.D. Ark. Apr. 2, 2020).  Reasons presented by the defendant should be considered in the context of whether they "effectively override or at least sufficiently counterbalance the findings that originally justified the pretrial detention order."  Clark, 2020 WL 1445895 at *3.  A defendant is not entitled to temporary release based "solely on generalized COVID-19 fears and speculation."  Id.; see also United States v. Lee, No. 19-CR-298 (KBJ), 2020 WL 1541049 at *6 (D.D.C. Mar. 30, 2020).

### C. Nature Of The Offense

Ramirez is charged with committing eleven robberies, one of which involved the discharge of a firearm, between December 2017 and February 2018.  During the time of the alleged robberies, Ramirez was on federal supervised release.

### D. Defendant's History And Characteristics

Ramirez is 46 years old. He was born in Mayaguez, Puerto Rico. He has resided in Chelsea, Massachusetts since he was 13 years old. He has no passport and has never travelled outside of the United States. Ramirez is single and has never married. He has one adult child and two ten-year-old children.

Ramirez suffers from chronic asthma, hypertension, and obesity. Ramirez's asthma is treated with two inhalers and three prescribed medications. His hypertension is treated with two prescribed medications. During pretrial detention, he was admitted to an off-site hospital due to his high blood pressure.

Ramirez reports that prior to his incarceration he drank socially. He has used marijuana since he was fifteen and heroin since he was nineteen years old. A prior presentence report indicates that he used cocaine on and off since the age of 16. In the summer of 2017, he was admitted to five separate detox programs in Massachusetts, eventually completing successfully a 90-day stay in Miller House.

### E. Risk of Flight

The government represents that Ramirez faces a lengthy sentence. To that end, the government provided the following guideline calculations: "Assuming conservatively that the defendant has a criminal history category of III and a Combined Offense Level of 27 for the robberies, the defendant's sentencing range after trial is 87-108 months, plus 10 years at either end for the § 924(c) count in which the gun was discharged. On a plea the range is 63 to 78 months, plus the same 10 years at either end. Thus, the low end of the range after trial is 207

months and the low end on a plea is 183 months." Docket No. 83 at 8 (footnote in original omitted).

Ramirez's criminal record includes defaults and failures to appear.

### F.     Dangerousness

Ramirez is charged with eleven counts of interfering with commerce by threats or violence, one count of conspiracy to interfere with commerce by threats or violence, and one count of using, carrying, or discharging a firearm during a crime of violence

Ramirez has a lengthy criminal record, including drug offenses, property crimes, and violent crimes. His record includes multiple violations of probation.

### G.     Assessment Of All Factors

Ramirez's proposed release plan consists of, among other things, home incarceration at his mother's Chelsea, Massachusetts home and electronic monitoring.

In normal times, Ramirez would not be a candidate for pretrial release. He has a lengthy criminal record and struggles with substance abuse, as indicated by his multiple violations of conditions while on federal supervised release. In addition, while on federal supervised release, he is accused of perpetrating eleven armed robberies (in the span of just three months), including one in which a firearm was allegedly discharged. He faces unrelated state drug charges in Chelsea District Court.

Ramirez's medical conditions and the presence of the COVID-19 public health crisis present the only possible basis for his release. For that reason, he has certainly presented much more than generalized COVID-19 fears and speculation. As a result, this Court is mindful that

special consideration is due to Ramirez's request for release in light of the serious health issues present in this case.

Nonetheless, after careful consideration of the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, as well as the special circumstances of the current pandemic, this Court orders Ramirez be detained pending trial. Because of the serious nature of Ramirez's offenses, his lengthy criminal record, his past probation violations, and his demonstrated unwillingness to comply with court-ordered terms of release, this Court finds that no condition or combination of conditions will reasonably assure the safety of the community.

As requested by Ramirez at his detention hearing, this Court separately considers his request for temporary release pursuant to Section 3142(i). After undertaking the individualized analysis required by that subsection, this Court finds that Ramirez failed to carry his burden. The concerns cited by Ramirez, while serious, do not outweigh the danger he represents to the community. Accordingly, this Court denies Ramirez's motion for temporary release.

## **ORDER OF DETENTION**

In accordance with the foregoing memorandum, IT IS ORDERED that:

1. Rigoberto Ramirez be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Rigoberto Ramirez be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Rigoberto Ramirez is detained and confined shall deliver him to an authorized Deputy United States Marshal for the

purpose of any appearance in connection with a court proceeding.

## **RIGHT OF APPEAL**

THE PERSON DETAINED BY THIS ORDER MAY FILE AN APPEAL FROM A RELEASE OR DETENTION ORDER PURSUANT TO 18 U.S.C. § 3145(c).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge